UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| JAMES R. BAILEY, ) | |
| ) | |
| Petitioner, ) | Civil No. 5: 20-12-HRW |
| ) | |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

James R. Bailey has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Bailey's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward

1

encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In 2016, Bailey pleaded guilty in this Court to one count of trafficking in cocaine and was sentenced to 72 months imprisonment. Bailey was transferred to FCI-Elkton to begin service of his sentence. *United States v. Bailey*, No. 5: 15-CR-3-KKC-1 (E.D. Ky. 2015).

Bailey filed his petition in this case on January 13, 2020. [D. E. No. 1] In it, Bailey complained that the Bureau of Prisons ("BOP") refused to release him from a halfway house on his anticipated release date of January 1, 2020. He also complained that he had been transferred to the Fayette County Detention Center ("FCDC") on January 10, 2020 in retaliation for his complaints about the delay in release. Bailey offered no context to explain the BOP's actions. He further stated that he had not taken any steps to exhaust his administrative remedies by challenging the BOP's decision because he had not been given a written explanation for its actions. *Id*.

Two weeks later Bailey filed a "Petition for Writ of Mandamus under the All Writs Act" in this case. [D. E. No. 4] While the caption is apropos of nothing, the document offered the context lacking from Bailey's original pleading. Bailey indicated that while in prison he had completed the BOP's drug treatment program and earned himself a provisional 8-month reduction in sentence for his efforts. As

his prison term was coming to an end he was transferred to a halfway house in Lexington, Kentucky in mid-2019. But almost immediately the halfway house administrators accused Bailey of repeatedly disregarding program rules. Specifically, they contended that Bailey had on many occasions failed to check in with the halfway house and was absent from the house without leave. In November 2019 Bailey was charged with fourteen disciplinary offenses, including thirteen for escape. Bailey asserts that some of those charges were dismissed, but he was found guilty of numerous others. The BOP subsequently rescinded the 8-month reduction in Bailey's sentence. Bailey argued that his reduction in sentence had irrevocably "vested" in October 2019 when, he claims, he had completed the final component on the drug program. *Id*. On February 20, 2020, Bailey repeated this argument in a motion he filed in his criminal case, which the Court promptly denied on procedural grounds. *See* [D. E. Nos. 81, 82 therein]

On March 25, 2020, Bailey provided further information regarding the disciplinary charges in a supplement to his petition. [D. E. No. 5][1] Documents attached to the supplement show that in October 2019 he was charged with two counts of escape for failure to report to the halfway house or adequately account for

---

[1] On the same day, Bailey filed a petition for a writ of mandamus in the Sixth Circuit seeking to compel this Court to act on his petition and to compel the BOP to release him from custody. [D. E. No. 6] That proceeding is still pending as of this writing.

his movements, resulting in the loss of good conduct time. [D. E. No. 5-1 at 1-9] Even more enlightening, Bailey also provided a document explaining that shortly after he arrived at the halfway house the BOP had delayed his provisional early release date of January 1, 2020. At that time he was found guilty of four escape charges – previously undisclosed by Bailey – in August 2019. This pushed his provisional early release date back by 60 days. What's more, the halfway house discovered that Bailey was signed out of the facility for more hours than he was being paid for at his job, and that he had been fired from that position. Thus, in September 2019 alone Bailey was charged with escape thirteen *more* times. As a result and in addition to the disciplinary charges, on November 20, 2019, the Supervisory Community Treatment Coordinator requested that Bailey's early release consideration be denied for his repeated failure to comply with program rules. [D. E. No. 5-1 at 10] While Bailey has contended that he did not receive a copy of this document until months later, the form itself indicates that Bailey was promptly provided with a copy of it. *Id.*

Finally, although he did not do so in this case, on May 4, 2020, Bailey gave notice in other proceedings that his address had changed because the BOP had released him to serve the last four months of his sentence in home confinement. See *United States v. Bailey*, No. 5: 15-CR-3-KKC-1 (E.D. Ky. 2015) [D. E. No. 84 therein]; *In re: James Bailey*, No. 20-5314 (6th Cir. 2020) [D. E. No. 5 therein].

The Court has thoroughly reviewed Bailey's petition, as well as the documents and motions he has filed in further support of it, and concludes that it must be denied.

To the extent that Bailey complains of his transfer to FCDC or claims that he was transferred to retaliate against him for his complaints about the propriety of retarding his release date, those matters must be denied. Some courts have permitted challenges to the BOP's categorical application of the "10% rule" for halfway house placement to be asserted in a habeas corpus petition. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005). But even those courts made plain that "a garden variety prison transfer" like this one may not be challenged in a habeas proceeding. *Id*. at 243. And because the claimed retaliatory transfer did not affect either the fact or duration of Bailey's sentence, that claim is not cognizable in a petition seeking habeas corpus relief. *Cf. Wires v. Wilson*, No. 09-42-GFVT (E.D. Ky. 2009) [D. E. No. 43 therein at 8-14].

As for Bailey's challenge to the BOP's decision to deny him early release based upon at least fourteen violations of the halfway house's program rules, that claim is unexhausted, moot, and meritless. First, a prisoner must exhaust administrative remedies within the BOP before seeking habeas corpus relief under § 2241. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). Bailey admits

5

that he did not do so, and the Court finds none of Bailey's proffered justifications for that failure sufficient to excuse the requirement. Second, Bailey has been released to home confinement, rendering his request to be released from BOP custody moot. *Cf. Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002); *Brewer v. Berkebile*, No. 5: 09-0213, 2010 WL 1416893, at *4-5 (S.D. W.Va. Feb. 23, 2010).

Third, even where an inmate is found to be eligible for a reduced sentence under § 3621(e), that does not mean that a sentencing reduction is irrevocable after it is provisionally granted. *Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."). To hold otherwise would be untenable, giving inmates like Bailey *carte blanche* to disregard halfway house rules months before their release and contrary to the express terms of the statute and its enabling regulations. *Cf. Camarena v. Slade*, 107 F. App'x 821 (9th Cir. 2004).

And even assuming that 18 U.S.C. § 3625 does not insulate the BOP's discretionary determinations under § 3621 from judicial review, courts considering the same argument Bailey makes here have flatly rejected it. *Cf. Green v. Kirby*, No. 16-5608 (RMB), 2017 WL 2362841, at *5-6 (D.N.J. May 31, 2017) ("[E]xpulsion from a rehabilitative program for a violation of its rules and regulations 'falls within the expected perimeters of the sentence imposed by a court

of law.' Thus, there is no due process right, substantive or procedural, associated with the RDAP Program Coordinator's authority to revoke a release date due to failure to complete RDAP.") (*quoting Douvos v. Quintana*, 382 F. App'x 119, 122 (3d Cir. 2009)); *see also Marine v. Quintana*, No. 08-333 Erie, 2009 WL 1065915, at *11 (W.D. Pa. Apr. 20, 2009).

Accordingly, **IT IS ORDERED** as follows:

1. Petitioner Bailey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. Bailey's petition for a writ of mandamus [D. E. No. 4] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 20th day of May, 2020.

Signed By:
*Henry R Wilhoit Jr.* 
**United States District Judge**